UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRYSTAL DAWN LIVELY,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 14-cv-05193 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. No. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. No. 6). This matter has been fully briefed (*see* Dkt. Nos. 15, 16, 19).

After considering and reviewing the record, the Court finds that the ALJ erred by ignoring the opinion of plaintiff's primary care provider Anthony E. Lyon-Loftus, PAC, that plaintiff was not able to work on a full time basis.

BACKGROUND

Plaintiff, CHRYSTAL DAWN LIVELY, was born in 1970, and was 40 years old on the alleged date of disability onset of September 30, 2011 (*see* Tr. 174-76, 178-83). Plaintiff has a high school diploma (Tr. 28). Plaintiff has worked as a cashier, a retail price marker, and a cook in a retirement home (Tr. 29-30, 46-48).

According to the ALJ, plaintiff has at least the severe impairments of "systemic lupus erythemotosus (SLE) and Sjogren's syndrome (20 CFR 404.1520(c) and 416.920(c))" (Tr. 13).

At the time of the hearing, plaintiff and her two children, ages two years and fourteen years, were living with plaintiff's mother and stepfather (Tr. 28).

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 55-62, 63-70, 73-84, 85-96). Plaintiff's requested hearing was held before Administrative Law Judge M. J. Adams ("the ALJ") on September 17, 2012 (*see* Tr. 24-52). On October 18, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 8-23).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ properly assess opinions from treating and examining medical providers; (2) Did the ALJ provide "clear and convincing reasons" to reject plaintiff's statements; and (3) Did the ALJ consider all of plaintiff's impairments and all of the evidence when assessing plaintiff's residual functional capacity ("RFC"), and are the resulting step 4 findings supported by law and fact (*see* Dkt. No. 15, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff argues that the ALJ erred by ignoring the opinion of plaintiff's primary care provider Anthony E. Lyon-Loftus, PAC, that plaintiff was unable to work full time. Dkt. 15, pp. 7-10. Specifically, PAC Lyon-Loftus opined that plaintiff was limited to working at the sedentary to light level for approximately 11 to 20 hours per week due to pain, dizziness, and unpredictable weakness and disorientation secondary to chronic fatigue caused by lupus (*see* Tr. 380-82; *accord* Tr. 391, 393). This opinion is significant because it contains greater limitations than determined by the ALJ in the RFC determination, which is premised on plaintiff's ability to work on a "regular and

continuing basis, 8 hours a day, for 5 days a week, or an equivalent work schedule."

Social Security Ruling ("SSR"), 96-8p, WL 1996 374184*1.

PAC Lyon-Luftus is considered an "other medical source."  20 C.F.R. §§ 404.1513 (d)(1), 416.913(d)(1).   Evidence from "other medical" sources can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." *See id*. at *2.  The Social Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." SSR 06-03, 2006 WL 2329939 at *3. Relevant factors when determining the weight to be given to an "other medical source" include:

> How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an opinion; How well the source explains the opinion; Whether [or not] the source has a specialty or area of expertise related to the individuals' impairments(s), and Any other factors that tend to support or refute the opinion.

*Id*. at *4-*5.

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) ((*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))).  The "ALJ's written decision must state reasons for disregarding

[such] evidence." *Flores,* 49 F.3d at 571.  For this reason, the ALJ's failure to discuss or weigh the opinion of PAC Lynon-Luftus is an error. *Id*. at 570-71.

Defendant concedes that the ALJ erred by failing to discuss or weigh this evidence but argues that this error was harmless. Dkt. No. 16, pp. 9-12 (*citing Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Defendant reasons that this error is inconsequential to the ALJ's ultimate nondisability determination because the ALJ properly rejected a similar opinion provided by plaintiff's treating rheumatologist Andrew Luk, MD, that plaintiff may need to miss additional days of work due to her lupus symptoms until her disease is under better control (*see* Tr. 422). Defendant further argues that, in light of the objective medical evidence, and the testimonial evidence related to plaintiff's daily activities, no reasonable ALJ, when fully crediting the opinion of PAC Lyon-Loftus, would have come to a different disability determination. *See Stout v. Comm'r Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination"). This Court disagrees.

Plaintiff's rheumatologist Dr. Luk offered his opinion regarding plaintiff's possible need to miss additional days of work in August 2011, prior to plaintiff's alleged disability onset date, and at the time plaintiff was just beginning treatment with Dr. Luk for lupus (*see* Tr. 419-22). The ALJ rejected this opinion, in part, because plaintiff was not receiving any treatment for lupus at the time it was rendered (*see* Tr. 17). As

defendant points out, Dr. Luk's hand-written opinion that plaintiff may need to miss additional work days until her disease was under better control, appears to be intended as more of a temporary or short term work excuse, rather than a long term assessment of plaintiff's functioning (*see* Tr. 422). Additionally, an opinion that an individual may need to miss a few days of work is qualitatively different from an opinion that an individual can work no more than part time.

In contrast, PAC Lyon-Luftus' opinion was offered during the relevant period in plaintiff's claim, and at a time when plaintiff had been treated for lupus for approximately one year (*see* Tr. 380-82; *see also* Tr. 391-93). PAC Lyons-Luftus treated plaintiff regularly, every two to three months, during the relevant period in her claim (*see* Tr. 313-57, 390-401). He managed plaintiff's care for a variety of chronic conditions including hypothyroidism, B12 deficiency, dizziness, fatigue, diffuse pain, and skin changes, and coordinated plaintiff's specialty care including cardiology, rheumatology and neurology referrals (*see* Tr. 313-57, 390-401). Additionally, around the time PAC Lyon-Loftus offered this opinion, he observed that plaintiff's overall appearance was "chronically ill-appearing (Tr. 319, 393, 397)." In short, PAC Lyon-Loftus was well situated to assess plaintiff's overall level of functioning during the period relevant to plaintiff's claim. These factors distinguish Dr. Luk's opinion from the opinion of PAC Lyons-Luftus, and weigh against the extension of the reasons offered by the ALJ to reject Dr. Luk's opinion to the opinion of PAC Lyons-Luftus.

With regard to the lay witness testimony of plaintiff's mother, as plaintiff points out, this testimony was mixed (*see* Tr. 229-40). As the ALJ noted, plaintiff's mother was

not of the opinion that plaintiff's medical conditions limited plaintiff's ability to work (*see* Tr. 233). Plaintiff's mother observed that plaintiff was able to care for her children, prepare meals, do household chores, shop in stores, and visit friends (*see* Tr. 234-37). However, plaintiff's mother also observed that plaintiff: was "always sleeping (Tr. 233)"; "mostly sleeps and pops pain pills (Tr. 234)" during the day; does not do housework or yard work because "she sleeps a lot (Tr. 236); "when not sleeping (Tr. 237)" she watches TV and sometimes takes her 2 year old child to the park; and "sometimes we argue about her sleeping all the time (Tr. 238)". These statements are consistent with plaintiff's complaints of daily fatigue (*see* Tr. 15, 213), as well as PAC Lyon-Luftus' opinion that plaintiff's ability to work was limited secondary to the symptoms caused by plaintiff's chronic fatigue (*see* Tr. 380).

Plaintiff's mother is not a medical doctor; therefore, her opinion that plaintiff's medical conditions did not impact plaintiff's ability to work is of less probative value than plaintiff's mother's actual observations of plaintiff's daily activities. A reasonable ALJ could find that the testimony of plaintiff's mother regarding plaintiff's sleep is consistent with the opinion of PAC Lyon-Luftus that plaintiff could work at a sedentary to light level, but not more than part time, due to the limitations caused by plaintiff's impairments, including fatigue. For these reasons, this Court finds that a reasonable ALJ when fully crediting the opinion of PAC Lyons-Luftus may have reached a different disability determination in this case. *See Stout,* 454 F.3d at 1054. As such, the ALJ decision is reversed and remanded for consideration of the opinion evidence of PAC Lyon-Loftus.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

**JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Dated this 2nd day of September, 2014.

J. Richard Creatura
United States Magistrate Judge